**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ELANGO KALIAMOORTHY,**

     **Plaintiff(s),**   **CASE NUMBER: 06-10836
               HONORABLE VICTORIA A. ROBERTS**

**v.**

**COLONIAL LIFE AND ACCIDENT
INSURANCE COMPANY**,

     **Defendant(s).**
_____/

**ORDER**

**I. INTRODUCTION**

  This matter is before the Court on Defendant's "Motion for Judgment Affirming ERISA Determination and for Summary Judgment." (Doc. #11). Defendant Colonial Life and Accident Insurance Company ("Defendant") asks the Court to: (1) dismiss Plaintiff Elango Kaliamoorthy's ("Plaintiff") state-law claims; (2) affirm its denial of Plaintiff's claim for long-term disability ("LTD") benefits; and (3) dismiss Plaintiff's claim for damages under his short-term disability ("STD") policy.

  Also before the Court is Plaintiff's cross-Motion for Judgment. (Doc. #15). Plaintiff asks the Court to require Defendant to pay him disability benefits.

  Defendant's motion is **GRANTED**; Plaintiff's motion is **DENIED**.

**II. BACKGROUND**

  HCR Manor Care ("Manor Care") hired Plaintiff as a physical therapist. He enrolled in Manor Care's group LTD benefits plan and an individual STD benefits plan,

1

both issued by Defendant. The LTD benefits plan contains a "Pre-Existing Condition Exclusion" provision:

> This Summary of Benefits will not cover any *disability*:
>
> 1. caused by, contributed to by, or resulting from a *pre-existing condition*; and
> 2. which begins in the first 24 months after an insured's effective date.
>
> A "pre-existing condition" means a sickness or injury for which the insured received medical treatment, consultation, care or services including diagnostic measures, or had taken prescribed drugs or medicines in the 12 months prior to the insured's effective date.

(Emphasis in original).

On June 18, 2003, Plaintiff applied for LTD benefits. His treating physician, Dr. Francis Dumler ("Dr. Dumler"), indicated Plaintiff is disabled due to tuberculosis ("TB"), contributed to by his immunosuppression and his renal transplant. On January 29, 2004, Plaintiff submitted a "Continuing Disability Claim Form" signed by Dr. Robert Federman ("Dr. Federman") that says he is disabled due to end stage renal disease, contributed to by pneumonia.

In a letter dated April 23, 2004, Defendant denied Plaintiff's claim because his disabilities resulted from pre-existing conditions. Defendant said the numerous medical records it reviewed from Dr. Dumler and other health-care providers show Plaintiff was treated multiple times during the pre-existing condition period for several conditions including renal failure and status post renal transplant, hypertension, cardiomyopathy, congestive heart failure, diabetes, and chronic immunosuppression.

Plaintiff appealed Defendant's decision on May 30, 2004. He said the pre-existing condition exclusion does not apply because the treatment for cardiomyopathy,

2

hypertension, chronic renal failure, and immunosuppression did not begin in the first 24 months after his effective date. There is no disagreement that his effective date is January 1, 2003. Plaintiff says he has treated for cardiomyopathy and hypertension since 1997, chronic renal failure since 2000, and immunosuppression since 1998.

On June 18, 2004, Defendant upheld its decision and clarified that it is Plaintiff's disabilities – not his treatment – that must begin in the first 24 months after his effective date. Defendant recognized Plaintiff has a complicated medical history, but says it has not found a condition that falls outside of the pre-existing condition provision.

Plaintiff, *in pro per*, seeks judicial review of Defendant's decision. He also seeks damages for breach of contract and/or bad faith refusal to pay benefits due under his short and long-term disability policies, fraud and/or misrepresentation, and unjust enrichment.

## III. STANDARD OF REVIEW

"[A ] denial of benefits challenged under 29 U.S.C. §1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When the plan administrator has the discretionary authority to construe and interpret the benefit plan, the standard of review is "arbitrary and capricious." *Id.* The deferential "arbitrary and capricious" standard requires the Court to uphold the benefit determination if the plan administrator offers a reasoned explanation based on the evidence. *Univ. Hospitals of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 846 (6th Cir. 2000). Here, the proper standard is *de novo*.

In reviewing the benefit determination, the Court may only consider the evidence that was before the plan administrator. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 614-15 (6th Cir. 1998); *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990). The role of the Court is to determine whether the administrator "made a correct decision." *Perry*, 900 F.2d at 966. "The administrator's decision is accorded no deference or presumption of correctness." *Hoover v. Provident Life & Accident Ins. Co.*, 290 F.3d 801, 809 (6th Cir. 2002) (citing *Perry*, 900 F.2d at 966). "[T]he court must determine whether the administrator properly interpreted the plan and whether the insured was entitled to benefits under the plan." *Id.*

## IV.  APPLICABLE LAW AND ANALYSIS

### A. State-Law Claims

Plaintiff admits Defendant's disability plan is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq.*, but his Complaint alleges state-law claims. Defendant argues the Court should dismiss the state-law claims because they are preempted by ERISA. *See* 29 U.S.C. §1144(a) ("the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]"). The Court agrees.

"All of plaintiff's state-law claims stem from the actions of [Defendant] in the processing of [his] claim for benefits. It is well established that such state-law tort and contract claims are preempted by ERISA." *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 582 (6th Cir. 2002) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987); *Tolton v. Am. Biodyne, Inc.*, 48 F.3d 937, 942 (6th Cir. 1995); *Cromwell v. Equicor-Equitable*

4

*HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991)).

The Court treats Plaintiff's Complaint as an action under ERISA to recover benefits under his short and long-term disability plans.

### B. Disability Benefits

As an initial matter, Plaintiff says he had prior disability coverage and is entitled to benefits under the Health Insurance Portability and Accountability Act ("HIPAA"). HIPAA says, "If you have had group health coverage for at least 1 year and you change jobs and health plans, your new plan can't impose another preexisting condition exclusion period." Agency for Healthcare Research and Quality, *Questions and Answers About Health Insurance (continued), available at* http://www.ahrq.gov/consumer/insuranceqa/insuranceqa10.htm (last visited March 5, 2008). But, HIPAA does not apply to disability benefits. *See* U.S. Department of Health & Human Services, *HIPAA Frequent Questions, available at* http://www.hhs.gov/hipaafaq/providers/covered/364.html (last visited March 5, 2008).

#### 1. LTD Benefits

Plaintiff argues Defendant improperly denied his claim for LTD benefits. He says his primary disability was TB, which caused him to discontinue immunosuppression therapy, and eventually caused renal failure. According to Plaintiff, the pre-existing condition exclusion does not apply because he was not diagnosed with TB and did not receive treatment or consultations for TB during the 12 months prior to his effective date. To support his argument, Plaintiff presents letters from Dr. Dumler and Dr. Federman that say: (1) Plaintiff was diagnosed with TB in June 2003; (2) his diagnosis

led to the discontinuation of immunosuppression therapy; and (3) his end stage renal disease resulted from the discontinuation of immunosuppression therapy.

These letters are not part of the administrative record and cannot be considered. *See Perry*, 900 F.2d at 966:

> Nothing in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators, a role they would inevitably assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits. Such a procedure would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme.

The Court must confine itself to the administrative record, which shows Plaintiff's disabilities are TB contributed to by immunosuppression, and his renal transplant and end stage renal disease contributed to by pneumonia.

The pre-existing condition exclusion says Plaintiff cannot obtain LTD benefits if his disabilities (TB and end stage renal disease) began in the first 24 months after his insurance effective date and he received medical treatment or consultation for sicknesses that contributed to his disabilities (immunosuppression, his renal transplant, and pneumonia) during the 12 months prior to his effective date.

Plaintiff's effective date is January 1, 2003. His initial claim for benefits and the continuing disability form state he was unable to work beginning June 13, 2003. Thus, Plaintiff's disabilities began in the first 24 months after his effective date. In addition, he received medical treatment and/or consultations for his immunosuppression, renal transplant, and pneumonia during the 12 months prior to his effective date. For example: (1) he met with Dr. Leslie Rocher for a nephrology consultation in September 2002 regarding his immunosuppression and complication of renal transplant; (2) Dr.

6

Dumler says Plaintiff underwent a renal transplant biopsy on October 3, 2002; (3) Dr. Dumler indicates Plaintiff was hospitalized for pneumonia in August 2002; (4) on October 4, 2002, Plaintiff was diagnosed with pneumonia; and (5) he met with Dr. Jeffrey D. Band in September 2002 for a pneumonia consultation.

Defendant's decision to deny Plaintiff's claim for LTD benefits was correct.

### 2. STD Benefits

Plaintiff's STD benefits policy says he is eligible for a monthly benefit amount of $3,000 for six months or a total of $18,000. On January 14, 2004, Plaintiff was entitled to receive a $5,300 payment, but received $4,400.01; Defendant deducted $899.99 for premiums Plaintiff owed. Plaintiff also received: (1) $6,000 on February 6, 2004; (2) $5,000 on March 1, 2004; and (3) $1,700 on March 9, 2004.

Plaintiff exhausted his STD benefits ($5,300 + $6,000 + $5,000 + $1,700 = $18,000).

## V. CONCLUSION

The Court **GRANTS** Defendant's motion, **DENIES** Plaintiff's motion, and **DISMISSES** Plaintiff's Complaint.

**IT IS ORDERED**.

                                            s/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: March 6, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Elango Kaliamoorthy by electronic means or U.S. Mail on March 6, 2008.

s/Linda Vertriest
Deputy Clerk